# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

JIN MING CAO; ZHOU JI ZOU; JIAN MIN WU;
MING JIAN FENG; QI WEN HUANG; SHUN
LAI MEI; WAI FONG CHEONG; PEI YUN
CHEN; WOOD CHONG LEE; YAN HUA LIU;
WEI GUO CEN; ZHI HUI LIU; JIE FANG YE;
CHANG SHENG LI; ZHU ZHONG LAO; XIAO
LI ZHU; SU SHAO WAN; QIU YUE LIU; and
YAN ER WU;

                  Plaintiffs,

-against-

JOY LUCK PALACE, INC.; YONG JIN CHAN;
TAK M YEE; PATRICK MOCK a/k/a PATRICK
MOK; and QING WEN CHEN a/k/a TONY
CHEN;

                  Defendants.

Case No. 1:19-cv-00925-GHW

**AMENDED
COMPLAINT**

       Plaintiffs Jin Ming Cao, Zhou Ji Zou, Jian Min Wu, Ming Jian Feng, Qi Wen Huang,

Shun Lai Mei, Wai Fong Cheong, Pei Yun Chen, Wood Chong Lee, Yan Hua Liu, Wei Guo

Cen, Zhi Hui Liu, Jie Fang Ye, Chang Sheng Li, Zhuo Zhong Lao, Xiao Li Zhu, Su Shao Wan,

Qiu Yue Liu, and Yan Er Wu (collectively, "Plaintiffs"), by their undersigned attorneys, bring

this action under the federal and state labor laws to recover Plaintiffs' lawful wages arising from

their employment at Joy Luck Palace, Inc., plus liquidated damages, interest, attorneys' fees, and

costs of this action.

## PRELIMINARY STATEMENT

       1.     Plaintiffs are former employees of Defendants Joy Luck Palace, Inc., which did

business as Joy Luck Palace Restaurant (hereinafter referred to as "Joy Luck Palace" or

"Restaurant"); Yong Jin Chan (hereinafter referred to as "Chan" or "Defendant Chan"); Tak M

Yee (hereinafter referred to as "Yee" or "Defendant Yee"); Patrick Mock a/k/a/ "Patrick Mok" (hereinafter referred to as "Mock" or "Defendant Mock"); and Qing Wen Chen a/k/a "Tony Chen" (hereinafter referred to as "Chen" or "Defendant Chen") (collectively, "Defendants").

2.     Joy Luck Palace operated from on or about January 17, 2016 through August 23, 2018 (hereinafter referred to as the "Relevant Time Period").

3.     Plaintiffs were all employed as "front-of-house" staff, comprising captains, servers, bussers, and dim sum servers. Throughout the Relevant Time Period, Defendants violated numerous provisions of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") by: (a) failing to pay Plaintiffs for all hours worked; (b) failing to pay the lawful minimum wage for each hour worked; (c) failing to pay lawful overtime compensation for each hour exceeding forty per week; (d) failing to pay lawful spread-of-hours compensation; (e) failing to provide uniform maintenance or a uniform maintenance rate; (f) failing to provide Plaintiffs with complete and accurate paystubs, as required by law; and (g) failing to provide Plaintiffs with a correct wage notice upon hiring, as required by law.

4.     Accordingly, as stated herein, Plaintiffs bring claims for violations of the FLSA and NYLL and seek compensatory and liquidated damages, interest, as well as attorneys' fees and costs associated with this action.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. § 201 et seq., 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337.

6.     This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

7.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) in that the unlawful actions complained of occurred in, and the records relevant to such practices were maintained in, this District.

## PARTIES

### PLAINTIFFS

8.      Plaintiffs Jin Ming Cao, Zhou Ji Zou, Jian Min Wu, Ming Jian Feng, Qi Wen Huang, Shun Lai Mei, Wai Fong Cheong, Pei Yun Chen, Wood Chong Lee, Yan Hua Liu, Wei Guo Cen, Zhi Hui Liu, Jie Fang Ye, Chang Sheng Li, Zhuo Zhong Lao, Xiao Li Zhu, Su Shao Wan, Qiu Yue Liu, and Yan Er Wu have been or were employed as captains, servers, bussers, and dim sum servers at the Restaurant for some or all of the Relevant Time Period.

### DEFENDANTS

#### Joy Luck Palace, Inc.

9.      Defendant Joy Luck Palace, Inc. is a corporation organized and existing under the laws of the State of New York, with its principle executive office located at 98 Mott Street, New York, NY 10013.

10.     Throughout the Relevant Time Period, Joy Luck Palace was a privately held corporation. At no time was its stock traded on a public stock exchange.

11.     Throughout the Relevant Time Period, Joy Luck Palace owned and operated a restaurant in New York City doing business under the trade name Joy Luck Palace Restaurant, located at 98 Mott Street, New York, NY 10013.

12.     Throughout the Relevant Time Period, Joy Luck Palace engaged in the sale of Chinese food for consumption on the premises.

13.     Throughout the Relevant Time Period, Joy Luck Palace provided a seating area with tables and chairs for customers to consume food on the premises and was a "restaurant" within the meaning of 12 NYCRR § 146-3.1.

14.     Upon information and belief, throughout the Relevant Time Period, Joy Luck Palace was an enterprise engaged in interstate commerce within the meaning of the FLSA in that it:

    a.  had employees engaged in commerce or in the production of goods for commerce, or who handled, sold or otherwise worked on goods or materials that were moved in or produced for commerce by any person; and

    b.  had an annual gross volume of sales of not less than $500,000.

Yong Jin Chan

15.     Upon information and belief, during the majority of the Relevant Time Period, Defendant Yong Jin Chan was an owner of Joy Luck Palace.

16.     Defendant Chan held himself out as an "owner" of the Restaurant to various governmental agencies. He was listed as the incorporator of Joy Luck Palace in the Restaurant's certificate of incorporation, listed himself as the President and 100% owner of the Restaurant when he filed an application on behalf of the Restaurant for a liquor license in April 2015 with the New York State Liquor Authority, and signed New York City Department of Health and Mental Hygiene inspection reports issued to the Restaurant as "owner."

17.     Defendant Chan acted in a managerial role at the Restaurant, with significant control over Plaintiffs' employment, including the power to hire and fire Restaurant employees and control the terms of their employment.

18.     Upon information and belief, Chan also had the power to establish Plaintiffs' wages, set their work schedules, and maintain their employment records.

19.     Defendant Chan employed all Plaintiffs within the meaning of the FLSA and NYLL.

Tak M Yee

20.     Upon information and belief, during the majority of the Relevant Time Period, Defendant Tak M Yee was a shareholder and owner of Joy Luck Palace.

21.     Defendant Yee held himself out to Plaintiffs as an owner of the Restaurant.

22.     During a majority of the Relevant Time Period, Yee had various managerial roles at the Restaurant and exercised significant control over Plaintiffs' employment, including the power to hire and fire Restaurant employees and control the terms of their employment.

23.     During a majority of the Relevant Time Period, Yee was responsible for the day-to-day operations. He was present at the Restaurant most evenings, frequently held meetings with Plaintiffs, handled customer complaints, collected tips to distribute, and oversaw food leaving the kitchen.

24.     Upon information and belief, Yee also had the power to establish Plaintiffs' wages, set their work schedules, and maintain their employment records.

25.     Defendant Yee signed inspection reports issued by the New York City Department of Health and Mental Hygiene with various titles, including "Manager," "Owner/FPC," and "Assistant Manager."

26.     Defendant Yee employed all Plaintiffs within the meaning of the FLSA and NYLL.

<u>Patrick Mock a/k/a/ "Patrick Mok"</u>

27.     Upon information and belief, beginning in or around February 2018 until on or around August 23, 2018, when the Restaurant closed, Defendant Patrick Mock was a shareholder and owner of Joy Luck Palace.

28.     Defendant Mock held himself out as an "owner" of the Restaurant to various governmental agencies. He signed a March 2, 2018 inspection report issued by the New York City Department of Health and Mental Hygiene as "Owner." Additionally, the biennial statement filed with the New York State Department of State for the filing period of September 2017, purported to have been filed on March 1, 2018, lists Mock as the Chief Executive Officer of the Restaurant.

29.     Defendant Mock had various managerial roles with the Restaurant, including the power to hire and fire Restaurant employees and control the terms and conditions of Plaintiffs' employment.

30.     Upon information and belief, Mock also had the power to establish Plaintiffs' wages, set their work schedules, and maintain their employment records.

31.     Defendant Mock employed all Plaintiffs within the meaning of the FLSA and NYLL.

<u>Qing Wen Chen a/k/a "Tony Chen"</u>

32.     Defendant Qing Wen Chen served as General Manager of the Restaurant from on or about July 1, 2016 through August 23, 2018.

33.     During the majority of the Relevant Time Period, Chen handled many day-to-day managerial functions at the Restaurant. Chen arranged worker schedules and handled requests for days off, which he would often decide singularly.

34.     Defendant Chen had the power to hire and fire Restaurant employees, and exercised such power over serval workers

35.     Defendant Chen also dealt with various labor disputes at the Restaurant on behalf of the Restaurant, and met on behalf of the Restaurant with representatives of the labor union that the workers had joined. He gave warnings to shop stewards of the union and suspended several members of the union for one day in 2017.

36.     Chen also corresponded with the United States Department of Labor on behalf of the Restaurant regarding at least one worker complaint. In that complaint, which was related to a violation of the Family and Medical Leave Act, Chen took responsibility for revising the Restaurant's policy to comply with federal law.

37.     Defendant Chen employed all Plaintiffs within the meaning of the FLSA and NYLL.

38.     During the Relevant Time Period, Defendants Joy Luck Palace, Chan, Yee, Mock, and Chen were Plaintiffs' employers within the meaning of the FLSA and the NYLL. 29 U.S.C. § 203(d); N.Y. Lab. Law §§ 2(6), 191(3), 651(6).

## STATEMENT OF FACTS

39.     Plaintiffs were all employed as "front-of-house" staff, for which the primary responsibilities included the service of food and beverages.

40.     Plaintiffs were specifically employed by Defendants as captains, servers, bussers, and dim sum servers during the Relevant Time Period.

41.     Captains' job responsibilities included taking customer orders; cleaning tables; bringing food to customers; bringing tea and other beverages to customers; clearing tables of dishes; general cleaning of the Restaurant; and bringing customers to their tables.

42.     Servers' job responsibilities included taking customer orders; cleaning tables; bringing food to customers; bringing tea and other beverages to customers; clearing tables of dishes; and general cleaning of the Restaurant.

43.     Bussers' job responsibilities included taking dishes, utensils, and other dishware to the kitchen for cleaning; bringing dishware and utensils from the kitchen to tables; cleaning the Restaurant floor; wiping Restaurant windows; general cleaning of the Restaurant; refilling kitchen supplies; and arranging and refilling sauces on tables.

44.     Dim sum servers' job responsibilities included bringing the dim sum carts to the basement to be filled; selling dim sum table-by-table; and cleaning the dim sum cart at the end of the shift.

45.     Plaintiff Jin Ming Cao was employed as a "captain" at Joy Luck Palace from approximately January 17, 2016 until August 23, 2018.

46.     Plaintiff Zhou Ji Zou was employed as a "captain" at Joy Luck Palace from approximately January 17, 2016 until August 23, 2018.

47.     Plaintiff Jian Min Wu was employed as a "server" at Joy Luck Palace from approximately January 17, 2016 until August 23, 2018.

48.     Plaintiff Ming Jian Feng was employed as a "server" at Joy Luck Palace from approximately January 17, 2016 until August 23, 2018.

49.     Plaintiff Qi Wen Huang was employed as a "server" at Joy Luck Palace from approximately January 17, 2016 until August 23, 2018.

50.     Plaintiff Shun Lai Mei was employed as a "server" at Joy Luck Palace from approximately January 17, 2016 until August 23, 2018.

51.     Plaintiff Wai Fong Cheong was employed as a "server" at Joy Luck Palace from approximately January 17, 2016 until August 23, 2018.

52.     Plaintiff Pei Yun Chen was employed as a "server" at Joy Luck Palace from approximately January 17, 2016 until August 23, 2018.

53.     Plaintiff Wood Chong Lee was employed as a "server" at Joy Luck Palace from approximately January 17, 2016 until August 23, 2018.

54.     Plaintiff Yan Hua Liu was employed as a "server" at Joy Luck Palace from approximately January 17, 2016 until August 23, 2018.

55.     Plaintiff Zhi Hui Liu was employed as a "server" at Joy Luck Palace from approximately January 17, 2016 until July 23, 2018.

56.     Plaintiff Wei Guo Cen was employed as a "busser" at Joy Luck Palace from approximately January 17, 2016 until approximately August 31, 2016 and then as a "server" at the Restaurant from approximately September 1, 2016 until August 23, 2018.

57.     Plaintiff Jie Fang Ye was employed as a "busser" at Joy Luck Palace from approximately January 17, 2016 until August 23, 2018.

58.     Plaintiff Chang Sheng Li was employed as a "busser" at Joy Luck Palace from approximately March 14, 2016 until August 23, 2018.

59.     Plaintiff Zhuo Zhong Lao was employed as a "busser" at Joy Luck Palace from approximately August 8, 2016 until August 23, 2018.

60.     Plaintiff Xiao Li Zhu was employed as a "dim sum server" at Joy Luck Palace from approximately January 17, 2016 until August 23, 2018.

61.     Plaintiff Su Shao Wan was employed as a "dim sum server" at Joy Luck Palace from approximately January 17, 2016 until February 28, 2016, then again from approximately March 1, 2017 until August 23, 2018.

62.     Plaintiff Qiu Yue Liu was employed as a "dim sum server" at Joy Luck Palace from approximately January 17, 2016 until August 23, 2018.

63.     Plaintiff Yan Er Wu was employed as a "dim sum server" at Joy Luck Palace from approximately January 17, 2016 until August 23, 2018.

<u>UNPAID WAGES</u>

64.     Under both the FLSA and NYLL, employees must be paid for all hours worked. 29 U.S.C. § 206; NYLL § 191.

65.      All Plaintiffs are owed wages from Defendants for work performed during the Relevant Time Period.

66.     Although Jin Ming Cao, Zhou Ji Zou, Jian Min Wu, Ming Jian Feng, Qi Wen Huang, Shun Lai Mei, Wai Fong Cheong, Pei Yun Chen, Wood Chong Lee, Yan Hua Liu, Wei Guo Cen, Jie Fang Ye, Chang Sheng Li, and Zhuo Zhong Lao all worked at the Restaurant during the period of approximately June 25, 2018 to August 23, 2018, the Restaurant did not pay them any wages for their work performed during that period.

67.     Plaintiff Zhi Hui Liu worked from approximately June 25, 2018 through July 23, 2018 without pay.

68.     Although Xiao Li Zhu, Su Shao Wan, Qiu Yue Liu, and Yan Er Wu all worked for the Restaurant during the period of approximately August 12, 2018 to August 23, 2018, the Restaurant did not pay them any wages for their work performed during that period.

<u>MINIMUM WAGE AND OVERTIME VIOLATIONS</u>

69.     Both the FLSA and NYLL require that employers pay their employees specified minimum hourly wages. 29 U.S.C. § 206; N.Y. Lab. Law § 652.

70.     Both the FLSA and NYLL also require that employers pay their employees at a rate not less than one and one-half times the regular rate at which an employee is paid for all hours exceeding forty per week. 29 U.S.C. § 207; 12 NYCRR § 146-1.4.

71.     Defendants paid Plaintiffs a rate that was routinely below the New York State minimum wage, and Defendants routinely failed to compensate Plaintiffs properly for their overtime wages.

72.     Plaintiffs Jin Ming Cao, Zhou Ji Zou, Jian Min Wu, Ming Jian Feng, Qi Wen Huang, Shun Lai Mei, Wai Fong Cheong, Pei Yun Chen, Wood Chong Lee, Yan Hua Liu, Wei Guo Cen, Zhi Hui Liu, Jie Fang Ye, Chang Sheng Li, and Zhuo Zhong Lao were "tipped employees" under the FLSA, which defines a "tipped employee" as an "employee engaged in an occupation in which he customarily and regularly receives more than $30 a month in tips." 29 U.S.C. § 203(t).

73.     Plaintiffs Jin Ming Cao and Zhou Ji Zou, as captains, typically worked approximately 48 hours per week from approximately January 17, 2016 until January 31, 2018; 20 hours per week from approximately February 1, 2018 until February 28, 2018; and 42 hours per week from approximately March 1, 2018 until August 23, 2018.

74.     From on or about January 17, 2016 until on or about February 27, 2016, Plaintiffs Jin Ming Cao and Zhou Ji Zou were paid $7.50 per hour and an overtime rate of $12.00.

75.     From on or about February 28, 2016 until on or about December 25, 2016, Plaintiffs Jin Ming Cao and Zhou Ji Zou were paid $7.75 per hour and an overtime rate of $12.25.

76.     On or about December 26, 2016, the overtime rate that Defendants paid to Plaintiffs Jin Ming Cao and Zhou Ji Zou increased to $13.25, while their regular hourly rate of $7.75 remained the same.

77.     On or about January 1, 2018 until August 23, 2018, Defendants paid Plaintiffs Jin Ming Cao and Zhou Ji Zou $8.90 per hour and an overtime rate of $15.40, for the hours that they actually paid.

78.     Plaintiffs Jian Min Wu, Ming Jian Feng, Qi Wen Huang, Shun Lai Mei, Wai Fong Cheong, Pei Yun Chen, Wood Chong Lee, Yan Hua Liu, Wei Guo Cen, and Jie Fang Ye, as servers and bussers, typically worked approximately 48 hours per week from approximately January 17, 2016 until January 31, 2018; 20 hours per week from approximately February 1, 2018 until February 28, 2018; and 42 hours per week from approximately March 1, 2018 until August 23, 2018.

79.     Plaintiff Zhi Hui Liu, as a server, typically worked approximately 48 hours per week from approximately January 17, 2016 until January 31, 2018; 20 hours per week from approximately February 1, 2018 until February 28, 2018; and 42 hours per week from approximately March 1, 2018 until July 23, 2018.

80.     Plaintiff Chang Sheng Li, as a busser, typically worked approximately 48 hours per week from approximately March 14, 2016 until January 31, 2018; 20 hours per week from approximately February 1, 2018 until February 28, 2018; and 42 hours per week from approximately March 1, 2018 until August 23, 2018.

81.     Plaintiff Zhuo Zhong Lao, as a busser, typically worked approximately 48 hours per week from approximately August 8, 2016 until January 31, 2018; 20 hours per week from approximately February 1, 2018 until February 28, 2018; and 42 hours per week from approximately March 1, 2018 until August 23, 2018.

82.     Beginning from January 17, 2016 until on or about December 31, 2016, Plaintiffs Jian Min Wu, Ming Jian Feng, Qi Wen Huang, Shun Lai Mei, Wai Fong Cheong, Pei Yun Chen, Wood Chong Lee, Yan Hua Liu, Wei Guo Cen, Jie Fang Ye, and Zhi Hui Liu were paid $7.50 per hour and an overtime rate of $12.00. Beginning from on or about March 14, 2016 until on or about December 31, 2016, Plaintiff Chang Sheng Li was paid $7.50 per hour and an overtime rate of $12.00. Beginning from on or about August 8, 2016 until on or about December 31, 2016, Plaintiff Zhuo Zhong Lao was paid $7.50 per hour and an overtime rate of $12.00.

83.     On or about January 1, 2017, the overtime rate that Defendants paid Plaintiffs Jian Min Wu, Ming Jian Feng, Qi Wen Huang, Shun Lai Mei, Wai Fong Cheong, Pei Yun Chen, Wood Chong Lee, Yan Hua Liu, Wei Guo Cen, Jie Fang Ye, Zhi Hui Liu, Chang Sheng Li, and Zhuo Zhong Lao increased to $13.00, while their regular hourly rate of $7.50 per hour remained the same.

84.     On or about January 1, 2018 until the last day of employment, Defendants paid Plaintiffs Jian Min Wu, Ming Jian Feng, Qi Wen Huang, Shun Lai Mei, Wai Fong Cheong, Pei Yun Chen, Wood Chong Lee, Yan Hua Liu, Wei Guo Cen, Jie Fang Ye, Zhi Hui Liu, Chang Sheng Li, and Zhuo Zhong Lao $8.65 per hour and an overtime rate of $15.15, for the hours that they actually paid.

85.     Beginning from the date that the Restaurant opened through on or about January 31, 2018, Plaintiffs received their wages in a combination of check and cash. Typically, Plaintiffs

received up to 36 hours per week by check and the remainder in cash. On or about February 1, 2018 until the close of the Restaurant, on August 23, 2018, Plaintiffs received all of their wages by check, excluding the period during which Plaintiffs were not paid at all.

86.     Defendants were ineligible for a tip credit against their minimum wage obligations with regard to the Plaintiffs because, *inter alia*, the Defendants did not notify Plaintiffs in accordance with the applicable legal provisions of the NYLL, or of Defendants' intention to claim a tip credit against their minimum wage obligations to reduce the applicable minimum wage. 12 NYCRR § 146-1.3; 12 NYCRR § 146-2.2.

## SPREAD-OF-HOURS VIOLATIONS

87.     Throughout the Relevant Time Period, Plaintiffs Jin Ming Cao, Zhou Ji Zou, Jian Min Wu, Ming Jian Feng, Qi Wen Huang, Shun Lai Mei, Wai Fong Cheong, Pei Yun Chen, Wood Chong Lee, Yan Hua Liu, Wei Guo Cen, Zhi Hui Liu, Jie Fang Ye, Chang Sheng Li, and Zhuo Zhong regularly worked shifts that had a "spread-of-hours" within the meaning of 12 NYCRR § 146-1.6 that exceeded ten hours.

88.     Defendants never paid Plaintiffs one additional hour of pay at the basic minimum hourly rate for Plaintiffs' shifts during which the spread-of-hours exceeded ten, in violation of 12 NYCRR § 146-1.6.

## NOTICE VIOLATIONS

89.     At the time of Plaintiffs' hire, Defendants failed to provide to Plaintiffs, in writing in English and in Plaintiffs' primary language, a notice required by NYLL §195(1)(a) containing the rate or rates of pay and basis thereof; allowances, if any, claimed as part of the minimum wage; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or

14

principal place of business, and a mailing address if different; and the telephone number of the employer.

## PAYSTUB VIOLATIONS

90.     At all relevant times, Defendants failed to provide paystubs to Plaintiffs that met the requirements of NYLL § 195(3).

91.     The paystubs provided by Joy Luck Palace failed to satisfy the requirements of NYLL § 195(3) because, *inter alia*, they failed to show the correct number of hours worked, they failed to show the correct wages paid, and some paystubs did not show the hourly rate of pay.

## UNIFORM MAINTENANCE VIOLATIONS

92.     Defendants required all Plaintiffs to wear certain clothing while at work, and to wash many of the items themselves. The clothing requirements varied by position. Some of the required clothing constituted a uniform within the meaning of the NYLL.

93.     The Restaurant required Plaintiffs Jin Ming Cao, and Zhou Ji Zou, as captains, to wear a black jacket, black pants, black shoes, a white shirt, and a tie. The Restaurant only provided one jacket to each employee, and Plaintiffs were required to purchase the other elements of the uniform.

94.     The black jacket constituted a uniform with the meaning of the NYLL.

95.     The Restaurant required Plaintiffs Jian Min Wu, Ming Jian Feng, Qi Wen Huang, Shun Lai Mei, Wai Fong Cheong, Pei Yun Chen, Wood Chong Lee, Yan Hua Liu, Wei Guo Cen, Zhi Hui Liu, as servers, to wear a red and gold jacket, black pants, black shoes, a white shirt, a red bow tie, and a name tag. The Restaurant only provided one jacket and the name tag to each employee. Plaintiffs were required to purchase the other elements of the uniform.

96.     The red and gold jacket and red bow tie constituted a uniform with the meaning of the NYLL.

97.     The Restaurant required Plaintiffs Wei Guo Cen, Jie Fang Ye, Chang Sheng Li, and Zhuo Zhong Lao, as bussers, to wear a red and gold jacket, black pants, black shoes, a white shirt, and a purple bow tie.

98.     The red and gold jacket and purple bow tie constituted a uniform with the meaning of the NYLL.

99.     Defendants required Plaintiffs, Xiao Li Zhu, Su Shao Wan, Qiu Yue Liu, and Yan Er Wu, as dim sum servers, to wear black pants, black shoes, a white shirt, an apron, mask, hat, and disposable gloves. The Restaurant provided the apron, mask, hat, and disposable gloves, and Plaintiffs were required to purchase the other elements of the uniform.

100.    The apron constituted a uniform within the meaning of the NYLL.

101.    Defendants did not launder any of the elements of Plaintiffs' uniforms, including the items that were provided by Defendants, nor did they provide an allowance to Plaintiffs to cover the cost of laundering the uniforms. Plaintiffs laundered their uniforms at their own expense.

### FIRST CAUSE OF ACTION
### (NYLL – Unpaid Wages)

102.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as if fully set forth herein.

103.    At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of NYLL, including but not limited to NYLL §§ 2, 190 and 651.

104.    Defendants failed to pay Plaintiffs Jin Ming Cao, Zhou Ji Zou, Jian Min Wu, Ming Jian Feng, Qi Wen Huang, Shun Lai Mei, Wai Fong Cheong, Pei Yun Chen, Wood Chong

Lee, Yan Hua Liu, Wei Guo Cen, Jie Fang Ye, and Zhuo Zhong Lao for work performed during the period June 25, 2018 through August 23, 2018; Plaintiff Zhi Hui Liu for work performed during the period June 25, 2018 through July 23, 2018; and Plaintiffs Xiao Li Zhu, Su Shao Wan, Qiu Yue Liu, and Yan Er Wu for work performed from August 12, 2018 through August 23, 2018, in violation of NYLL § 191.

105.    Due to Defendants' NYLL violations, Plaintiffs are entitled to recover from Defendants, jointly and severally during the periods in which they were employers, their unpaid wages, liquidated damages, as well as reasonable attorneys' fees, costs of the action, and interest.

**SECOND CAUSE OF ACTION**
**(FLSA - Minimum Wage Violations)**

106.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as if fully set forth herein.

107.    At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of the FLSA, 29 U.S.C. § 203.

108.    Defendants failed to pay Plaintiffs Jin Ming Cao, Zhou Ji Zou, Jian Min Wu, Ming Jian Feng, Qi Wen Huang, Shun Lai Mei, Wai Fong Cheong, Pei Yun Chen, Wood Chong Lee, Yan Hua Liu, Wei Guo Cen, Jie Fang Ye, and Zhuo Zhong Lao for work performed during the period June 25, 2018 through August 23, 2018; Plaintiff Zhi Hui Liu for work performed during the period June 25, 2018 through July 23, 2018; and Plaintiffs Xiao Li Zhu, Su Shao Wan, Qiu Yue Liu, and Yan Er Wu for work performed from August 12, 2018 through August 23, 2018, in violation of 29 U.S.C. § 206(a).

109.    Defendants' failure to pay Plaintiffs their lawful minimum wages was willful.

110.    Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally during the periods in which they were employers, their unpaid

minimum wages and an equal amount of liquidated damages, as well as reasonable attorneys' fees and costs of the action.

### THIRD CAUSE OF ACTION
**(NYLL – Minimum Wage Violations)**

111.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

112.    At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of NYLL, including but not limited to NYLL §§ 2, 190 and 651.

113.    Defendants failed to pay Jin Ming Cao, Zhou Ji Zou, Jian Min Wu, Ming Jian Feng, Qi Wen Huang, Shun Lai Mei, Wai Fong Cheong, Pei Yun Chen, Wood Chong Lee, Yan Hua Liu, Wei Guo Cen, Zhi Hui Liu, Jie Fang Ye, Chang Sheng Li, and Zhuo Zhong Lao at the applicable legal minimum hourly wage, in violation of NYLL § 652.

114.    Due to Defendants' NYLL violations, Plaintiffs are entitled to recover from Defendants, jointly and severally during the periods in which they were employers, their unpaid minimum wages, liquidated damages, as well as reasonable attorneys' fees, costs of the action, and interest.

### FOURTH CAUSE OF ACTION
**(FLSA – Overtime Violations)**

115.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

116.    At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of the FLSA, 29 U.S.C. § 203.

117.    Defendants failed to pay Jin Ming Cao, Zhou Ji Zou, Jian Min Wu, Ming Jian Feng, Qi Wen Huang, Shun Lai Mei, Wai Fong Cheong, Pei Yun Chen, Wood Chong Lee, Yan

Hua Liu, Wei Guo Cen, Zhi Hui Liu, Jie Fang Ye, Chang Sheng Li, and Zhuo Zhong Lao overtime wages at the lawfully required rate of at least one-and-a-half times the applicable minimum wage, for each hour worked in excess of forty hours per week, in violation of 29 U.S.C. § 207, 29 C.F.R. §778.5 and 29 C.F.R. §778.315.

118.     Defendants' failure to pay Plaintiffs their lawful overtime wages was willful.

119.     Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally during the periods in which they were employers, their unpaid overtime wages and an equal amount of liquidated damages, as well as reasonable attorneys' fees and costs of the action.

## FIFTH CAUSE OF ACTION
### (NYLL – Overtime Violations)

120.     Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

121.     At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law, including but not limited to NYLL §§ 2 and 651.

122.     Defendants failed to pay Jin Ming Cao, Zhou Ji Zou, Jian Min Wu, Ming Jian Feng, Qi Wen Huang, Shun Lai Mei, Wai Fong Cheong, Pei Yun Chen, Wood Chong Lee, Yan Hua Liu, Wei Guo Cen, Zhi Hui Liu, Jie Fang Ye, Chang Sheng Li, and Zhuo Zhong Lao overtime wages at the lawfully required rate of at least one-and-a-half times the applicable minimum wage, for each hour worked in excess of forty hours per week, in violation of the NYLL and accompanying regulations.

123.     Due to Defendants' NYLL violations, Plaintiffs are entitled to recover from Defendants, jointly and severally during the periods in which they were employers, their unpaid

overtime wages, liquidated damages, as well as reasonable attorneys' fees, costs of the action, and interest.

## SIXTH CAUSE OF ACTION
### (NYLL – Uniform Purchase and Maintenance)

124.　Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

125.　At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law, including but not limited to NYLL §§ 2 and 651.

126.　During Plaintiffs' employment, Defendants required Plaintiffs to purchase, maintain, and replace various elements of their uniforms at their own expense and did not provide a uniform maintenance rate in violation of the NYLL.

127.　Defendants are liable for the high rate of uniform maintenance articulated within 12 NYCRR §146-1.7 based upon the number of hours that Plaintiffs worked.

128.　Due to Defendants' NYLL violations, Plaintiffs are entitled to recover from Defendants, jointly and severally during the periods in which they were employers, the cost of uniform purchase together with the required uniform maintenance reimbursement, liquidated damages, as well as reasonable attorneys' fees, costs of the action, and interest.

## SEVENTH CAUSE OF ACTION
### (NYLL – Spread-of-Hours Violations)

129.　Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

130.　At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law, including but not limited to NYLL §§ 2 and 651.

131.     Pursuant to NYLL, Defendants were and are required to pay each Plaintiff one hour of pay at the basic minimum wage rate, in addition to wages otherwise due, for each day of work in which that Plaintiff's spread-of-hours exceeded ten.

132.     Plaintiffs Jin Ming Cao, Zhou Ji Zou, Jian Min Wu, Ming Jian Feng, Qi Wen Huang, Shun Lai Mei, Wai Fong Cheong, Pei Yun Chen, Wood Chong Lee, Yan Hua Liu, Wei Guo Cen, Zhi Hui Liu, Jie Fang Ye, Chang Sheng Li, and Zhuo Zhong routinely worked shifts during which their spread-of-hours exceeded ten, but Defendants failed to pay the additional one hour of pay at the basic minimum wage rate, in addition to wages otherwise due, for each day of work in which that Plaintiff's spread-of-hours exceeded ten.

133.     Due to Defendants' NYLL violations, Plaintiffs are entitled to recover from Defendants, jointly and severally during the periods in which they were employers, their spread-of-hours wages, liquidated damages, as well as reasonable attorneys' fees, costs of the action, and interest.

## EIGHTH CAUSE OF ACTION
### (NYLL – Paystub Violations)

134.     Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

135.     At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law, including but not limited to NYLL §§ 2 and 651.

136.     Defendants violated NYLL § 195(3) by not providing Plaintiffs with full and accurate paystubs each time Defendants paid wages to Plaintiffs.

137.     Plaintiffs are each entitled to recover from Defendants the statutory maximum of five thousand dollars for Defendants' violations of Section 195(3), interest, reasonable attorneys' fees, and costs of the action.

## NINTH CAUSE OF ACTION
### (NYLL – Notice Violations)

138.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

139.    At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law, including but not limited to NYLL §§ 2 and 651.

140.    Defendants violated NYLL § 195(1)(a) by not providing Plaintiffs with the proper notice at the time of hiring.

141.    Plaintiffs are each entitled to recover from Defendants the statutory maximum of five thousand dollars for Defendants' violations of Section 195(1)(a), interest, reasonable attorneys' fees, and costs of the action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that judgment be granted:

A.    Declaring Defendants' conduct complained of herein to be in violation of the FLSA and NYLL and their respective regulations;

B.    Awarding Plaintiffs their unpaid wages, unpaid minimum wages, overtime wages, and spead-of-hour wages due under the FLSA and NYLL;

C.    Awarding Plaintiffs damages for notice and paystub violations under the NYLL;

D.    Awarding Plaintiffs damages for uniform purchase and maintenance violations under the NYLL;

E.    Awarding Plaintiffs liquidated damages;

F.    Award Plaintiffs prejudgment interest;

G.    Awarding Plaintiffs the costs of this action, together with reasonable attorneys' fees; and

H.     Awarding Plaintiffs such other relief as this Court considers necessary and proper.

Respectfully submitted,

CATHOLIC MIGRATION SERVICES

/s/ Thomas Power
Thomas Power
tpower@catholicmigration.org
David Colodny
dcolodny@catholicmigration.org
47-01 Queens Blvd., Suite 203
Sunnyside, NY  11104
(347) 472-3500

February 14, 2019